1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**EASTERN DISTRICT OF CALIFORNIA**

7

8   **CAHUILLA BAND OF INDIANS, a**              **CASE NO. 1:19-CV-0024 AWI SKO**
    **federally recognized Indian Tribe,**         **CASE NO. 1:20-CV-1147 DAD SKO**
9                                                  **CASE NO. 2:20-CV-1585 KJM AC**
                    **Plaintiff**                  **CASE NO. 2:20-CV-1630 MCE AC**
10
                        **v.**                     **ORDER RELATING AND**
11                                                 **REASSIGNING CASES**
    **STATE OF CALIFORNIA, and GAVIN**
12  **NEWSOM IN HIS OFFICIAL**
    **CAPACITY AS GOVERNOR OF**
13  **CALIFORNIA,**

14                  **Defendants**

15

16          On January 4, 2019, the Chicken Ranch Rancheria of Me-Wuk Indians, Blue Lake

17  Rancheria, Chemehuevi Indian Tribe, Hopland Band of Pomo Indians, and Robinson Rancheria

18  ("2019 Tribes") filed suit against the State of California and Governor Edmund Brown, Jr.

19  ("California"), E.D. Cal. Case No. 1:19-cv-0024.  The 2019 Tribes assert that California violated

20  the federal Indian Gaming Regulatory Act by failing to engage in good faith negotiations with the

21  2019 Tribes concerning renewal/extensions of class III gaming compacts.

22          The 2019 Tribes were part of a larger group of federally recognized California Indian

23  Tribes (whose gaming compacts expire on December 31, 2020 with automatic extension to June

24  30, 2022 unless a further compact is agreed to) called the Compact Tribes Steering Committee

25  ("CTSC") formed in 2014.  The CTSC sought to negotiate with California as a group to

26  renew/extend their gaming compacts.  The negotiations did not result in a successful agreement.

27  Certain Tribes withdrew from the negotiations in January 2019 and filed suit.

28          The CTSC continued to negotiate with California until July 2020.  Other members of the

1  CTSC have now also filed suit against California.  The Soboba Band of Luiseño Indians filed E.D.

2  Cal. Case No. 1:20-cv-1147.  The Cachil Dehe Band of Wintun Indians of the Colusa Indian

3  Community filed E.D. Cal. 2:20-cv-1585.  The Cahuilla Band of Indians filed E.D. Cal. Case No.

4  2:20-cv-1630.  In the three new suits, the plaintiffs ("2020 Tribes") also allege that California

5  violated the federal Indian Gaming Regulatory Act by failing to engage in good faith negotiations.

6  There is significant overlap in the subject matter of all the suits as the 2019 and 2020 Tribes were

7  all members of the CTSC which negotiated as a group with California for several years.  The 2020

8  Tribes have filed notices of related cases, seeking relation of all four cases.

9       Local Rules state that "If the Judge to whom the action with the lower or lowest number

10  has been assigned determines that assignment of the actions to a single Judge is likely to effect a

11  savings of judicial effort or other economies, that Judge is authorized to enter an order reassigning

12  all higher numbered related actions to himself or herself." Local Rule 123(c).  To guide this

13  determination, the Local Rules also provide that:

14       An action is related to another action within the meaning of this Rule when

15       (1) both actions involve the same parties and are based on the same or a similar
        claim;

16

17       (2) both actions involve the same property, transaction, or event;

18       (3) both actions involve similar questions of fact and the same question of law and
        their assignment to the same Judge or Magistrate Judge is likely to effect a
        substantial savings of judicial effort, either because the same result should follow in

19       both actions or otherwise; or

20       (4) for any other reasons, it would entail substantial duplication of labor if the
        actions were heard by different Judges or Magistrate Judges.

21

22  Local Rule 123(a).  Here, the four cases appear to, in part, involve the same transaction or event

23  and involve similar questions of fact and law; assignment to the same judge is likely to effect a

24  substantial savings of judicial effort. Local Rule 123(a)(2), (3), and (4).  Because the undersigned

25  is assigned the lowest numbered related case, the above-entitled cases will be reassigned to the

26  dockets of Senior District Judge Anthony Ishii and referred to Magistrate Judge Sheila K. Oberto.

27  ///

28  ///

IT IS SO ORDERED.

Dated:   October 13, 2020   _____

SENIOR  DISTRICT  JUDGE