# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **REDDING RANCHERIA, a federally recognized Indian Tribe,**<br><br>Plaintiff<br><br>v.<br><br>**STATE OF CALIFORNIA, and GAVIN NEWSOM IN HIS OFFICIAL CAPACITY AS GOVERNOR OF CALIFORNIA,**<br><br>**Defendants** | CASE NO. 2:21-CV-0579 WBS DMC<br>CASE NO. 1:19-CV-0024 AWI SKO<br>CASE NO. 1:20-CV-1147 AWI SKO<br>CASE NO. 1:20-CV-1318 AWI SKO<br>CASE NO. 1:20-CV-1539 AWI SKO<br>CASE NO. 2:20-CV-1585 AWI SKO<br>CASE NO. 2:20-CV-1630 AWI SKO<br>CASE NO. 2:20-CV-1918 AWI SKO<br><br>**ORDER RELATING AND REASSIGNING CASE** |

On March 29, 2021, the Redding Rancheria filed suit against the State of California and Governor Gavin Newsom ("California") asserting that California violated the federal Indian Gaming Regulatory Act ("IGRA") by failing to engage in good faith negotiations concerning renewals/extensions of class III gaming compacts. The case was assigned to Judges William B. Shubb and Dennis M. Cota. The Redding Rancheria filed a notice of related cases, naming seven other cases which have already been related in which eleven tribal plaintiffs are suing California on the same theory, that California violated IGRA by failing to engage in good faith negotiations concerning renewals/extensions of class III gaming compacts.

The Redding Rancheria argues that California has adopted the same positions in all of these negotiations. Among the points of dispute the Redding Rancheria identified in its case are California's proposals that (1) mandate tribal negotiation with local government authorities with the possibility of arbitration in case of a failure to reach agreement, (2) tax tribal gaming revenues, (3) expand the rights of labor organizations, and (4) require additional environmental protections.

These issues are also points of dispute in the cases brought by the eleven other tribal plaintiffs in the seven already related cases.

Local Rules state that "If the Judge to whom the action with the lower or lowest number has been assigned determines that assignment of the actions to a single Judge is likely to effect a savings of judicial effort or other economies, that Judge is authorized to enter an order reassigning all higher numbered related actions to himself or herself." Local Rule 123(c). To guide this determination, the Local Rules also provide that:

> An action is related to another action within the meaning of this Rule when
>
> (1) both actions involve the same parties and are based on the same or a similar claim;
>
> (2) both actions involve the same property, transaction, or event;
>
> (3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or
>
> (4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges.

Local Rule 123(a). Here, the cases deal with similar questions of fact and the same questions of law such that assignment to the same judges is likely to effect a substantial savings of judicial effort. Local Rule 123(a)(3). Because the undersigned is assigned the lowest numbered related case, the newly filed Redding Rancheria v. California case will be reassigned to the dockets of Judges Anthony W. Ishii and Sheila K. Oberto and related to the other seven cases.

IT IS SO ORDERED.

Dated:   May 03, 2021                                   _____
                                                         SENIOR DISTRICT JUDGE

2