# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CAHUILLA BAND OF INDIANS, a federally recognized Indian Tribe,**<br><br>**Plaintiff**<br><br>v.<br><br>**STATE OF CALIFORNIA, and GAVIN NEWSOM IN HIS OFFICIAL CAPACITY AS GOVERNOR OF CALIFORNIA,**<br><br>**Defendants** | CASE NO. 2:20-CV-1630 AWI SKO<br><br>ORDER RE: MOTION TO FILE UNDER SEAL<br><br>(Doc. 33) |

State Defendants have made a motion to file under seal certain portions of the declaration of Rachelle Ryan in support of their motion for summary judgement. Doc. 33.  Related to their motion, State Defendants seek to file redacted versions of the declaration, their brief in support of their summary judgement motion, and statement of undisputed facts in the public docket of the case.  They explain that the declaration "contains confidential and sensitive information regarding the finances of the class III gaming facility operated by the plaintiff Cahuilla Band of Indians (Tribe). The State Defendants are required by the terms of the tribal-state class III gaming compact to maintain the confidentiality of the subject information." Doc. 33, 1:26-2:2.  The motion was filed ex parte but the State Defendants represent that the Tribal Plaintiff supports this request to file under seal. Doc. 33, 2:7-9.

All documents filed with the court are presumptively public. San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999).  "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and

documents." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016), citations omitted.  Two standards generally govern requests to seal documents: "compelling reasons" and "good cause."  "[J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions.  Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy.  A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006), citations omitted.  The declaration the State Defendants seek to file under seal is proffered in support of a motion for summary judgement.  Thus, the compelling reasons standard applies.  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. at 1179.

     The State Defendants' request is limited.  They seek only to seal those parts of Ryan's declaration that reveals Tribal Plaintiff's number of gaming devices, total gaming revenues, and the total contribution to the Special Distribution Fund. See Doc. 32-2, 2:13-22.  The State Defendants represent that these numbers are meant to be confidential under the terms of the 1999 Compacts.  "The existence of a confidentiality provision, without more, does not constitute good cause, let alone a compelling reason, to seal." Moussouris v. Microsoft Corp., 2018 U.S. Dist. LEXIS 34685, at *26 (W.D. Wash. Feb. 16, 2018).

     While these numbers might potentially qualify as trade secrets, the State Defendants have not made a sufficient showing to support that conclusion.  In the context of commerce, the Ninth Circuit has stated "pricing terms, royalty rates, and guaranteed minimum payment terms….[are] information that plainly falls within the definition of 'trade secrets.' A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and

which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'" Elec. Arts, Inc. v. United States Dist. Court, 298 F. App'x 568, 569 (9th Cir. 2008), quoting Restatement of the Law, Torts § 757, cmt. b.  The underlying rationale is that "courts have refused to permit their files to serve…as sources of business information that might harm a litigant's competitive standing." Nixon v. Warner Commc'ns, 435 U.S. 589, 598 (1978).  There is no assertion that the numbers the State Defendants seek to file under seal affect the Plaintiff Tribe's competitive position and no legal briefing to that effect.  The Ninth Circuit has cautioned that courts must make their sealing decisions "on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." Valley Broad. Co. v. United States Dist. Court, 798 F.2d 1289, 1293 (9th Cir. 1986), quoting United States v. Edwards (In re Video-Indiana, Inc.), 672 F.2d 1289, 1294 (7th Cir. 1982).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Kamakana, 447 F.3d at 1179, citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003).

    The motion to file under seal (Doc. 33) is DENIED without prejudice.  Any renewed requests to file under seal must be FILED no later than June 25, 2021.  Alternatively, the State Defendants may file unredacted or modified versions of the relevant documents by June 30, 2021.

IT IS SO ORDERED.

Dated:   June 15, 2021                                  _____
                                                                         SENIOR  DISTRICT  JUDGE